# SUPREME COURT OF THE UNITED STATES

AMERICAN TRADITION PARTNERSHIP, INC., FKA
WESTERN TRADITION PARTNERSHIP, INC.,
ET AL. *v.* STEVE BULLOCK, ATTORNEY
GENERAL OF MONTANA, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME
COURT OF MONTANA

No. 11–1179.   Decided June 25, 2012

PER CURIAM.

A Montana state law provides that a "corporation may
not make . . . an expenditure in connection with a candi-
date or a political committee that supports or opposes a
candidate or a political party."  Mont. Code Ann. §13–
35–227(1) (2011).  The Montana Supreme Court rejected
petitioners' claim that this statute violates the First
Amendment.  2011 MT 328, 363 Mont. 220, 271 P. 3d 1.
In *Citizens United* v. *Federal Election Commission,* this
Court struck down a similar federal law, holding that
"political speech does not lose First Amendment protection
simply because its source is a corporation."  558 U. S. \_\_\_,
\_\_\_ (2010) (slip op., at 26) (internal quotation marks omit-
ted).  The question presented in this case is whether the
holding of *Citizens United* applies to the Montana state
law.  There can be no serious doubt that it does.  See U. S.
Const., Art. VI, cl. 2.  Montana's arguments in support of
the judgment below either were already rejected in *Citi-
zens United*, or fail to meaningfully distinguish that case.

The petition for certiorari is granted.  The judgment of
the Supreme Court of Montana is reversed.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

AMERICAN TRADITION PARTNERSHIP, INC., FKA
WESTERN TRADITION PARTNERSHIP, INC.,
ET AL. *v.* STEVE BULLOCK, ATTORNEY
GENERAL OF MONTANA, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME
COURT OF MONTANA

No. 11–1179.   Decided June 25, 2012

JUSTICE BREYER, with whom JUSTICE GINSBURG, JUS-
TICE SOTOMAYOR, and JUSTICE KAGAN join, dissenting.

In *Citizens United* v. *Federal Election Commission*, the
Court concluded that "independent expenditures, includ-
ing those made by corporations, do not give rise to corrup-
tion or the appearance of corruption."  558 U. S. \_\_\_, \_\_\_
(2010) (slip op., at 42).  I disagree with the Court's hold-
ing for the reasons expressed in Justice Stevens' dissent
in that case.  As Justice Stevens explained, "technically in-
dependent expenditures can be corrupting in much the
same way as direct contributions."  *Id.,* at \_\_\_ (slip op., at
67–68).  Indeed, Justice Stevens recounted a "substantial
body of evidence" suggesting that "[m]any corporate inde-
pendent expenditures . . . had become essentially inter-
changeable with direct contributions in their capacity to
generate *quid pro quo* arrangements."  *Id.,* at \_\_\_ (slip op.,
at 64–65).

Moreover, even if I were to accept *Citizens United*, this
Court's legal conclusion should not bar the Montana Su-
preme Court's finding, made on the record before it, that
independent expenditures by corporations did in fact lead
to corruption or the appearance of corruption in Montana.
Given the history and political landscape in Montana, that
court concluded that the State had a compelling interest in
limiting independent expenditures by corporations.  2011
MT 328, ¶¶ 36–37, 363 Mont. 220, 235–236, 271 P. 3d 1,

36–37. Thus, Montana's experience, like considerable experience elsewhere since the Court's decision in *Citizens United,* casts grave doubt on the Court's supposition that independent expenditures do not corrupt or appear to do so.

Were the matter up to me, I would vote to grant the petition for certiorari in order to reconsider *Citizens United* or, at least, its application in this case. But given the Court's *per curiam* disposition, I do not see a significant possibility of reconsideration. Consequently, I vote instead to deny the petition.